Gteen, J.
delivered the opinion of the court.
The first question is, whether the certiorari in this case ought to have been dismissed. Three terms of the county court had transpired after the rendition of the judgment by the justice. After so great a lapse of -time, it would be exceedingly dangerous to permit a party to have another trial of his case by means of the certiorari, how -strong soever a case he may make out by his petition. We fully concur with the court in the case of Trigg vs. Boyce, 4 Hay. Rep. 101, and the case of Perkins vs. Hadly, 4 Hay. Rep. 146. It has been the settled law of this state, ever since the determination of those cases, that a party must apply for his certiorari by the first term after the ■ rendition of the judgment; after which, a certiorari ought not to be granted, unless in peculiar cases, where the most satisfactory, reasons may be given why the application was not sooner made.
2. But although the county court was right in dismissing the certiorari, yet the judgment which was thereupon rendered against Sterling, the security, is erroneous. He only undertook, by his bond, to pay costs and damages, and he cannot be made liable beyond his undertaking. But the court gave judgment against him for debt, costs, and damages. The act of 1807, ch. 81, sec. 1, prescribes, that the certiorari bond shall be conditioned to prosecute with effect, or in case of failure, “perform whatever judgment shall be awarded or rendered by said - court in said cause. Or in case said certiorari shall be dismissed; that the person obtaining the certiorari, shall *224 weu anci truiy satisfy such judgment as had been rendered againsthim.” The act of 1817, ch. 119, sec. 2, requires,. that when any cause brought up by certiorari shall be dismissed, the court shall render judgment against the principal and his securities, for the amount of judgment below, with twelve and and a half per cent interest from the date of the judgment. The provisions of this act were literally pursued in this case; but the bond not having the condition prescribed by the act of 1807, nor containing any undertaking by which the security was bound for the amount of the judgment below, there was no authority for the judgment which was rendered, and the appeal in error to the circuit court was properly taken. The judgment of the circuit court must be reversed, and this court proceeding to give such judgment as that court ought to have rendered, reverse the judgment of the county court, and render judgment against Tipton, the defendant, for eight dollars and thirty-seven and a half cents, the debt, and against himself and Sterling, his security, for one dollar, the interest, at twelve and a half per cent, from the date of the judgment, and the costs of the county court.
Judgment reversed.